District Court, D. Massachusetts. Nov. Term, 1807.

## Case No. 7,384.

### JOHNSON et al. v. FLUSHING & N. S. R. CO.

[15 Blatchf. 192; 3 Ban. & A. 428.] [1]

Circuit Court, E. D. New York. Aug. 27, 1878. [2]

Frederic H. Betts, for plaintiffs.

Hinsdale & Sprague, for defendants.

BENEDICT, District Judge. This action is brought to restrain the Flushing and North Side Railroad Company from using a certain fastening for their railroad rails, commonly known as the "fish-plate joint," upon the ground that the plaintiffs have the exclusive right to the use of such fastening, by virtue of a patent for an "improvement in fastening sheet metal to roofs," re-

issued to Asa Johnson and Thomas S. Sandford April 16th, 1872, and marked reissue No. 4,870. [3] The fastening complained of consists of two plates fastened one on each side of the two rails to be connected together, and bolted by means of bolts passing through the rails and through slots in the plates. The two rails are thus securely fastened together, all change of their relative position, except in the single direction of the slots in which the bolts can slide, being prevented. while, thus, the expansion and contraction of the rails in that direction is accommodated.

In order to a proper understanding of the question to be discussed, it is necessary to call attention to the language of the reissued patent, upon which the plaintiffs' rights depend. In the title of the patent, the invention is designated as "an improvement in fastening sheet metal to roofs." In the specification. the invention is called, sometimes, "an adjustable fastening." and. sometimes, "an adjustable fastener." The only description of the invention given is in connection with its use in fastening metallic roofs to buildings, but it is stated that the fastener may be used wherever it is necessary to allow for the contraction or expansion of materials to be fastened together. The specification states, that the "principle of my invention consists in connecting the metal to be fastened with a bolt or pin arranged to slide in slotted bearings in the direction of expansion or contraction, said adjustable bolt and its bearings being combined with materials to· be fastened." In connection with the description, drawings are referred to, in which, as the specification says, are indicated the screws for attaching the metallic roof to the stud—the stud—the adjusting bolt or pin, to which the metallic roof is connected by the stud and screw, said bolt passing through the stud and through the slots of the side plates or flanges—the side plates or flanges, provided with slots. which form the bearings of the adjusting bolts—the bottom plate. used as a convenient means of attaching the side plates to the wooden sheathing of the building—an india rubber cord, which may be used in applying the adjustable fastener to buildings—the screws for attaching the bottom plate. and. with it, the side plates, to the sheathing—the sheathing, greatly enlarged in thickness in proportion, to illustrate the details of the connection of the adjustable fastener to buildings— the metallic roofing. The specification. after explaining the method of using the invention, in attaching metallic roofing to buildings, goes on to say: "Both the wooden sheathing and the metallic roof are thus connected to the self-adjusting mechanism, consisting of the slotted side plates and

---

[1] [Reported by Hon. Samuel Blatchford, ·Circuit Judge; reprinted in 3 Ban. & A. 428, and here republished by permission.]

[2] [Affirmed in 105 U. S. 539.]

[3] [The original patent. No. 17,331, was granted to plaintiffs, May 19, 1857.]

the bolt which slides in them." Two claims are set forth in this patent, the second of which is the only one requiring attention, and is as follows: "(2) I claim. in combination with the adjusting bolt and slotted side plates, suitably connected to, and combined with, the materials to be fastened together,. for the purpose of accommodating the expansion and contraction of such materials, with reference to each other, substantially as specified." The word "with," in the first sentence of this claim, is, by the plaintiffs, treated as a clerical mistake, and the claim read as if that word were absent. It is so treated here.

Some difference of opinion has been expressed as to what is the proper construction to be put upon this patent. According to the plaintiffs, it is to be understood as covering a combination of old devices adapted for use in connecting materials to be fastened together, in all cases where it is necessary to allow contraction or expansion of the materials, the elements of which combination are two pieces of material to be fastened together—two slotted side plates to furnish bearings for the adjustable bolt, and also to serve as clamps on opposite sides of the materials to be fastened together—an adjusting bolt to hold said clamping plates in position thereon. This construction of the reissue is necessary for the plaintiffs' case, as, otherwise, the case would fail upon the question of infringement, and, if such construction be the true one, the question of infringement is disposed of, it being conceded that the use of the fish plate joint would be an infringement of the plaintiffs' patent, so construed. Under such circumstances, it may properly be assumed, for the purposes of this decision, that the plaintiffs' understanding of his patent is correct.

The inquiry then turns to the question of the validity of the reissue. Its validity is denied by the defendants, upon the ground, that, if construed according to the plaintiffs' understanding, and, as it must be, in order to bring the defendants within its scope, it is for an invention different from any described in the original patent, and is, therefore, void. The proper construction of the original patent becomes, therefore, a decisive question in this case. That patent is for a combination. The word combination is, indeed, not to be found in the instrument, but the specification is devoted to a description of the inventor's mode of combining certain simple and well-known devices, in order to produce a specified result. Certain simple devices appear in the description, but as elements of a combination, and the language nowhere conveys the idea that the inventor has discovered anything but a method of using old devices, combined in a certain way, to produce a certain result. Whether the claim, as constructed, is for a combination or not, is immaterial here; as that claim, although forming the first claim

of the reissue, is not relied upon by the plaintiffs. What is described is alone material, and that is nothing unless it be a combination. The elements of the combination which, in the original patent, is set forth as having been first invented by the patentee, are plainly designated in the description given, and are, the stud—the flanges—the bottom plate—the adjusting bolt, "passing through the stud," and capable of moving in the slots of the flanges.

It has been earnestly contended, in behalf of the plaintiffs, that the specification does not declare either the stud or the bottom plate to be elements of the combination, and mentions them simply as means of applying the invention in the particular case, taken as an illustration. But, the language of the description is plain. The stud is described as not only connecting but adjustable. It is designated "the adjustable connecting stud." It is spoken of as distinct from the metal to be connected, and it will, as it is said, "accommodate itself to any direction required by the metal." In the drawings which are furnished to represent the fastener, the stud appears, and without any intimation that it is not an essential part of the invention; nor is there, throughout the whole patent, any language capable of suggesting that the stud is not as essential a part of the invention as any other portion described.

Equally specific is the original patent in declaring the bottom plate to be an element of the combination. The bottom plate appears in all the drawings, and nowhere is there an intimation that it is not an essential feature of the invention. The constant and necessary presence of the bottom plate as an element of the combination is also implied in the designation given to the bearings of the bolt, which, in the original patent, are always designated as flanges and never as side plates.

In this connection, it will be useful to notice, that, in the reissued patent, a change of phraseology has been adopted in speaking of the stud as well as of the bottom plate; and explicit language, not found in the original, is inserted for the plain purpose of eliminating the stud and the bottom plate from the combination. Thus, where, in the original, the language is, "Fig. 3 is an end elevation of the self-adjusting fastener," in the reissue the language is, "Fig. 3 is an elevation, in section, of my adjustable fastenings and the device for connecting the same to the metal roof, detached." Where, in the original, the language is, "Fig. 5 is a plan view of the bottom plate," in the reissue the language is, "Fig. 5 is a plan view of the bottom plate, to which the bearings of the adjusting bolt are attached, in this instance." What in the original are in all cases termed flanges, in the reissue are sometimes termed side plates. and sometimes "flanges or side plates." The original

says: "I may find, in using my adjustable fastener, it necessary to make some of them —those that are in the parallel lines with the flanges—to fit up close to the sides of the stud." In the reissue the statement is: "Where, however, the movement is only sensible in the direction of the slots, the side plates are made to fit up close." These changes and additions made in the reissue, as understood by the plaintiffs, are not mere corrections whose effect is to render accurate and specific what was before uncertain, but they work an essential alteration of the specification, and effect the elimination from the combination of two elements—the stud and the bottom plate— which before that were described as essential elements of the combination secured. The character of these changes tends to confirm the conclusion, that the original patent is correctly interpreted when it is held to include the stud and the bottom plate as essential elements of the invention secured. The invention intended to be described and secured by the original patent, is a combined device, constructed in two members, so connected together, by means of the bolt and its slotted bearings, as to permit a change to a limited extent in the relative position of the two members with reference to each other. This device is to be inserted between the two materials to be fastened together, a connection of those materials being formed by fastening the adjusting stud to one, and the flanged bottom plate to the other. In the reissue, as it must be understood in order to sustain the charge of infringement, the stud forms no part of the fastener, but has become a part of the materials to be fastened, and the side plates not only furnish bearings for the bolt, but perform the additional important and essential function of furnishing a strong lateral support to the materials, by clamping the same between them. In the original, the language, plainly importing, as it does, that the stud is an essential part of the fastener and not a part of the materials to be fastened, excludes the idea that the flanges are in any case to furnish lateral support to the materials to be fastened or to clamp the same. It is thus seen, that the essential elements of the combination described and sought to be secured by the reissue are different from the essential elements of the combination described in the original, and that the result produced by the combination described in the reissue is different from that produced by the combination described in the original patent.

By these changes a substantial change in the subject-matter has been accomplished, and, upon established principles, the conclusion must follow, that the reissue is void. It is unnecessary, therefore, for me to go further; but it is proper, before dismissing the bill, to notice two adjudged cases cited by the opposing counsel as conclusive authority in favor of their respective views.

On the part of the defendants, the case of Gill v. Wells, 22 Wall. [89 U. S.] 24, has been cited as being on all-fours with this case, and an authority adverse to the position of the plaintiffs. If I am correct in my understanding of the patents under consideration, the case in hand is not precisely like the case of Gill v. Wells, because, there, not only was there an omission of one well described ingredient of the patented combination, but there were substituted in its place several other devices, not equivalents for the omitted element. Here, no new device has been substituted in place of the stud, but, by removing the stud from the combination, and describing it as part of the material to be fastened, a new function has been given to the flanges, viz.: that of clamping between them the material to be fastened. Nevertheless, the reasoning of the court in Gill v. Wells affords support to the conclusion which I have reached in this case.

On the part of the plaintiffs, the case of Herring v. Nelson [Case No. 6,424] has been cited as being in opposition to the case of Gill v. Wells, and an authority in support of the plaintiffs' case, binding upon this court. A reference to this opinion in Herring v. Nelson—one of the latest of the opinions of Judge Johnson, whose recent death is so greatly deplored—is sufficient to show that it was not understood to be in conflict with the decision in Gill v. Wells. Nor do I understand it to be in conflict with my conclusion in this case. The case of Herring v. Nelson was one where there was described in the original patent two results capable of being conceived of as independent of each other, and shown to contribute to a common result. These two results the original patent showed to be capable of being attained by separate and independent elements, combined in a manner described. The common result of the complete combination of all the elements described, was the cooling without waste of meal, in the process of converting grain to flour. But, as the opinion is careful to state, the specification and drawings could not fail to disclose to any intelligent examiner, that, while the combined action of all the parts described produced the complete result of cooling and saving the waste, there was described a sub-combination, producing a separate and independent result, viz.: the cooling only. It was, therefore, held, that the inventor, having omitted in the original patent to claim the sub-combination thus described, might do so by a new claim in a reissue.

The present is no such case. Here, it is impossible to gather, from the original patent, a hint that the slotted flanges and sliding bolt, without the stud and bottom plate, will produce an independent result, capable of being separated from the complete result sought to be attained by the use of the complete combination, nor is there any language capable of suggesting that the invention se-

cured will not only connect the materials together, but also prevent their lateral movements by securely clamping them between its flanges. The views I have thus expressed are fatal to the plaintiffs' claim, and render it unnecessary to consider the other questions discussed by counsel. There remains, therefore, but to direct that the bill be dismissed, with costs.